Yitzchak Zelman, Esq.
Arizona State Bar Number: 038827
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone: (732) 695-3282
Fax: (732)298-6256
Email: yzelman@marcuszelman.com
*Attorney for Plaintiff*
*Lance Sedbrook*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **Lance Sedbrook,**<br><br>**Plaintiff,**<br><br>**-against-**<br><br>**United Nationwide Recovery, LLC, Wells Fargo Bank, N.A. and Select Asset Recovery Group, LLC,**<br><br>**Defendants.** | **Civil Case Number: 2:24-cv-01894-DGC**<br><br>**<u>CIVIL ACTION</u>**<br>**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Lance Sedbrook (hereinafter, "Plaintiff"), a resident of Arizona, bring this complaint by and through the undersigned attorneys, against Defendants United Nationwide Recovery, LLC, Wells Fargo Bank, N.A. and Select Asset Recovery Group, LLC (hereinafter "Defendants").

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15

U.S.C. § 1692 *et seq*. and 28 U.S.C. § 2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**NATURE OF THE ACTION**

3. Plaintiff brings this action after the Defendants illegally repossessed his vehicle in breach of the peace, thereby violating Ariz. Rev. Stat. Ann. § 47-9609. Plaintiff also bring a claim against Defendant United Nationwide Recovery, LLC and Select Asset Recovery Group, LLC for illegally repossessing his vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692.

4. Plaintiff seeks statutory damages, punitive damages, actual damages, as well as attorneys fees and costs.

**PARTIES**

5. Plaintiff Lance Sedbrook is a natural person and a resident of Scottsdale, Arizona and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Upon information and belief, Defendant Select Asset Recovery Group, LLC ("Select Asset Recovery") is a repossession agency, which uses the mail, telephone, or facsimile in a business the principal purpose of

which is the enforcement of security interests, namely the repossession of vehicles by lenders.

7. For purposes of Plaintiff's claims under Section 1692f(6) of the FDCPA, Defendant Select Asset Recovery is a "debt collector," as defined in the FDCPA under 15 U.S.C. § 1692a(6).

8. Defendant United Nationwide Recovery, LLC ("United") is a company that specializes in nationwide recovery management, skip tracing and impound services on behalf of lenders and creditors, with its headquarters in Nashville, Tennessee.

9. Upon information and belief, Defendant [UAR] United is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

10. For purposes of Plaintiff's claims under Section 1692f(6) of the FDCPA, Defendant United is a "debt collector," as defined in the FDCPA under 15 U.S.C. § 1692a(6).

11. Defendant Wells Fargo is an American bank headquartered in San Francisco, California.

## **ALLEGATIONS OF FACT**

12. Plaintiff repeats, reiterates and incorporates the allegations contained in

the above paragraphs with the same force and effect as if the same were set forth at length herein.

13. The Plaintiff owns a 2016 BMW X5 which was financed with an auto loan from Wells Fargo.

14. The Plaintiff purchased this vehicle for his own personal and household use.

15. At some point prior to April 15, 2024, the Plaintiff then fell behind on his payments on the Wells Fargo loan after suffering from medical issues which prevented him from working.

16. The money owed under the Wells Fargo loan is a 'debt' as defined by 15 U.S.C. § 1692a(5).

17. As a result, Wells Fargo contracted with United to repossess the Plaintiff's vehicle.

18. Upon information and belief, United does not perform any repossessions itself in Arizona, but contracts with repossession companies in all 50 states to carry out the actual repossessions, a fact which was known to Wells Fargo.

19. Upon information and belief, after being contracted by United to repossess the Plaintiff's vehicle, Select Asset Recovery proceeded to carry out the actual repossession on behalf of the co-defendants.

20. On April 15, 2024, the Defendants' repo agents arrived at the Plaintiff's

home to repossess the Plaintiff's vehicle.

21. The Plaintiff's vehicle was parked in the Plaintiff's private carport, and secured by a locked security device that was affixed to the ground and which prevented the vehicle from being moved out of the carport.

22. In order to repossess the Plaintiff's vehicle, the Defendants' repo agents then used force to pry Plaintiff's security device off the floor of his carport so that they could remove the vehicle from his carport and complete the repossession.

23. The Defendants' repo agents would not even let the Plaintiff remove his wheelchair from the vehicle before they illegally repossessed, which the Plaintiff needs because he is paralyzed.

24. At no point during the repossession did the Defendants' tow truck operator ask for permission to enter or remain on Plaintiff's private property.

**<u>COUNT I</u>**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §1692f *et seq.***

25. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

26. Plaintiff brings this Count against Defendants Select Asset Recovery Group and United.

27. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

28. Section 1692f(6) of the FDCPA specifically prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; or
>
> (C) the property is exempt by law from such dispossession or disablement.

29. To repossess the Plaintiff's vehicle, the Defendant breached the peace, in violation of Ariz. Rev. Stat. Ann. § 47-9609, which only allows repossessions that can be accomplished without force and without a breach of the peace.

30. The Defendant breached the peace by trespassing on Plaintiff's private property and by using physical force to damage the Plaintiff's property and force a path out of the Plaintiff's carport so that they could repossess the Plaintiff's vehicle.

31. As a result, the Defendants did not have the present right to possession of the Plaintiff's vehicle once they breached the peace, and were

prohibited from repossessing it at that time.

32. As a result, the Defendants violated 15 USC § 1692f(6) when they repossessed the Plaintiff's vehicle on April 15, 2024.

33. By illegally repossessing the Plaintiff's vehicle in violation of the FDCPA, Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

34. Defendants' illegal activity also harmed the Plaintiff by trespassing on his private property, by causing him to suffer anger, anxiety, emotional distress, frustration and embarrassment, by depriving the Plaintiff of the use of his vehicle and the possessions contained therein, and by depriving him of the right to pre-repossession judicial process.

35. By reason thereof, Defendants Select Asset Recovery and United are liable to the Plaintiff for judgment that Defendants' conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

36. As a direct and proximate result of the Defendants' trespassory repossession, Plaintiff suffered damages including the loss of use of the vehicle and the loss of the right to pre repossession judicial process, as

well as mental and emotional harm including frustration and embarrassment.

**<u>COUNT II</u>**

**BREACH OF THE PEACE REPOSSESSION**
**Ariz. Rev. Stat. Ann. § 47-9609 *et seq.***

37. The Plaintiff repeats and re alleges the preceding paragraphs of this Complaint and incorporates the same herein.

38. Plaintiff asserts this claim against all Defendants.

39. Arizona only permits self help repossession of consumer motor vehicles where possession can be obtained without breach of the peace. *See,* Ariz. Rev. Stat. Ann. § 47-9609.

40. The Defendants' repo agent breached the peace by trespassing on the Plaintiff's private property, and by using physical force to damage the Plaintiff's property and force a path out of the Plaintiff's carport so that they could repossess the Plaintiff's vehicle.

41. As a direct and proximate result of the Defendants' breach of the peace repossession, Plaintiff suffered damages including the loss of use of the vehicle and the possessions contained therein, the loss of the right to pre repossession judicial process, as well as mental and emotional harm including frustration and embarrassment.

**COUNT III**

**CONVERSION**

42.As set forth above, the Defendants wrongfully repossessed the Plaintiff's vehicle at a time that the Plaintiff, and not the Defendants, had the present right of possession to the vehicle and the possessions contained therein.

43.The Defendants then held Plaintiff's vehicle and the possessions contained therein for a period of time, thereby exercising control over the Plaintiff's property.

44.Defendants' conversion of Plaintiff's vehicle and the possessions contained therein harmed Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in depriving him of the use of his vehicle, the loss of the right to pre repossession judicial process and by subjecting him to unfair and unconscionable means to collect a debt.

45. Defendants' illegal activity also harmed the Plaintiff by trespassing on his private property, damaging his private property, and causing him to suffer anger, anxiety, emotional distress, frustration and embarrassment.

46.By reason thereof, Defendants are liable to Plaintiff for judgment that

Defendants wrongfully converted the Plaintiff's vehicle and the possessions contained therein, actual damages, punitive damages, costs and attorneys' fees.

**DEMAND FOR TRIAL BY JURY**

47. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby request a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) awarding the Plaintiff actual damages incurred;

(b) awarding the Plaintiff statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

(c) awarding punitive damages;

(c) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding the Plaintiff such other and further relief as this Court may deem just and proper.

Dated: August 25, 2024

/s/ Yitzchak Zelman

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorney for Plaintiff*