**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lance Sedbrook, | No. CV-24-01894-PHX-DGC |
| Plaintiff, | |
| v. | |
| Select Asset Recovery Group, LLC; and United Nationwide Recovery, LLC, | |
| Defendants. | |
| Lance Sedbrook, | No. CV-24-01923-PHX-DGC |
| Plaintiff, | |
| v. | |
| Knightrider Recovery Companies, LLC; and ALS Resolvion, LLC, | **ORDER** |
| Defendants. | |

  This order addresses motions pending in two related cases. In case CV-24-01894-PHX-DGC, Plaintiff Lance Sedbrook asserts claims against Defendants Select Asset Recovery Group ("Select") and United Nationwide Recovery ("United") for violation of the Fair Debt Collection Practices Act, breach of the peace repossession, and conversion. In case CV-24-01923-PHX-DGC, Plaintiff asserts the same claims against Defendants Knightrider Recovery Companies ("Knightrider") and ALS Resolvion ("ALS"). Defendants move to compel arbitration and stay the cases under 9 U.S.C. §§ 2-4, and

1

Defendants ALS and Knightrider move in the alternative to dismiss. Docs. 26, 27, CV-24-01894-PHX-DGC; Docs. 31, 33, CV-24-01923-PHX-DGC. The motions are fully briefed and no party requests oral argument. For reasons stated below, the Court will grant Defendants' motion to compel arbitration and stay both cases.

## I.      Background.

In August 2022, Plaintiff entered into a Retail Installment Sale Contract with AutoNation Ford Scottsdale for the purchase of a used 2016 BMW X5 (the "Contract"). The Contract provided that Plaintiff would make payments for 72 months. AutoNation retained a security interest entitling it to repossess the vehicle if Plaintiff defaulted on his payments. AutoNation later assigned its interest in the Contract to Wells Fargo.

Plaintiff defaulted on his payments and Wells Fargo hired ALS to repossess the vehicle. Doc. 16 ¶¶ 15-17, CV-24-01923-PHX-DGC. ALS then contracted with Knightrider to make the repossession. Doc. 33-2 at 2, CV-24-01923-PHX-DGC. Plaintiff alleges that Knightrider entered his property without permission on March 8, 2024, and used force to remove the vehicle and possessions in the vehicle from his carport. Doc. 16 ¶¶ 20-25, CV-24-01923-PHX-DGC. Plaintiff promptly filed for bankruptcy and, as a result, the vehicle was returned to him.

Plaintiff again defaulted on his payments and Wells Fargo hired United to repossess the vehicle. United contracted with Select to carry out the repossession. Docs. 15 ¶¶ 17-19, 26-2 at 2, CV-24-01894-PHX-DGC. Plaintiff alleges that Select entered his property without permission on April 15, 2024, and used force to remove the vehicle and possessions in the vehicle. Doc. 15 ¶¶ 20-24. Plaintiff again filed for bankruptcy and the car was returned to him.

Plaintiff sues Defendants for statutory violations and torts allegedly arising from the two repossessions.

## II.     Arbitration Must be Compelled.

Under the Federal Arbitration Act ("FAA"), an arbitration provision in "a contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and

enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract[.]" 9 U.S.C. § 2. The Supreme Court has made clear that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (citations omitted).

The parties' disagreement about whether these cases are subject to arbitration presents a question of arbitrability. The Supreme Court has explained that "the question of arbitrability . . . is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise." *Id.* (cleaned up). As the Ninth Circuit recently explained, "[w]hile the general rule is that a district court decides whether a claim falls within the scope of an arbitration agreement, such questions can be expressly delegated to the arbitrator where the contracting parties clearly and unmistakably [so] provide[.]" *Patrick v. Running Warehouse, LLC*, 93 F.4th 468, 480 (9th Cir. 2024) (cleaned up). "When the parties do so, a court may not override the contract and has no power to decide the arbitrability issue." *Id.* (cleaned up; citation omitted).

This principle applies to arbitrability disagreements like the one in these cases – whether an arbitration agreement covers claims brought by a signatory to the agreement against nonsignatories. *See Howsam*, 537 U.S. at 84 (using, as an example of arbitrability, the issue of whether an arbitration contract binds parties who did not sign the agreement) (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943-946 (1995)); *Eckert/Wordell Architects, Inc. v. FJM Properties of Willmar, LLC*, 756 F.3d 1098, 1100 (8th Cir. 2014) ("Whether a particular arbitration provision may be used to compel arbitration between a signatory and a nonsignatory is a threshold question of arbitrability" to be decided by the Court "unless there is clear and unmistakable evidence the parties intended to commit questions of arbitrability to an arbitrator.")

The arbitration clause in this case clearly and unmistakably delegates the question of arbitrability to the arbitrator:

> Any claim or dispute, whether in contract, tort, statute or otherwise (*including the interpretation and scope of this Arbitration Provision, <u>and the</u>*

*arbitrability of the claim or dispute*), between you and us or our employees, agents, successors, or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by court action.

Doc. 28-1 at 6, CV-24-01894-PHX-DGC; Doc. 31-2 at 6, CV-24-01923-PHX-DGC (emphasis added)

The parties disagree on whether Defendants as nonsignatories may invoke the arbitration clause against Plaintiff, a signatory. They also disagree on whether Plaintiff's claims fall within the scope of the arbitration clause. These are questions of arbitrability the Contract clearly delegates to the arbitrator. The Court accordingly will grant Defendants' motion, compel arbitration of both cases, and stay the cases in this Court.

**IT IS ORDERED** that Defendants' motions to compel arbitration (Docs. 26, 27, CV-24-01894-PHX-DGC; Docs. 31, 33, CV-24-01923-PHX-DGC) are **granted**. These cases are stayed, and the parties promptly shall initiate arbitration. The parties shall file a status report within 30 days of this order and a status report every 120 days thereafter describing the status of the arbitrations. The parties promptly shall notify the Court of any arbitration decision or settlement.[1]

Dated this 12th day of March, 2025.

*David G. Campbell*
David G. Campbell
Senior United States District Judge

---

[1] Defendants ALS and Knightrider alternatively argue that the claims should be dismissed. Because they make this argument only as an alternative to their motion to compel arbitration, the Court need not address it.

4