**AMERICAN ARBITRATION ASSOCIATION**

**CONSUMER ARBITRATION TRIBUNAL**

| | | |
|---|---|---|
| **LANCE SEDBROOK,** | ) | |
| | ) | **CASE NO.:** |
| **Claimant,** | ) | **01-25-0001-4056** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SELECT ASSET RECOVERY GROUP, LLC; and UNITED NATIONWIDE RECOVERY, LLC,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER ON CLAIMANT'S**
**MOTION TO DISMISS ARBITRATION**
**RE: ARBITRABILITY**

I have reviewed the parties' submissions and cases cited therein, the Retail Installment Sales Contract ("RISC"), and applicable law. After full consideration, it is my determination that the case as presented is not arbitrable.

The arbitration provision in the RISC contains two distinct components. The first identifies the persons and entities subject to arbitration and extends broadly to claims and disputes arising out of or relating to the RISC. That broad scope, however, is expressly limited by the second component—the clause specifying who may elect arbitration. This latter clause is narrow and grants the right to elect arbitration solely to the two contracting parties – AutoNation Ford Scottsdale ("AutoNation") and Claimant Sedbrook. No other party is conferred that right.

It is undisputed that neither AutoNation nor the Claimant has elected to arbitrate this dispute. Because Wells Fargo has not sought to invoke the arbitration clause—

presumably because it is not a party—I need not consider whether Wells Fargo could do so pursuant to the assignment.

Arbitration agreements must be enforced according to their terms. Where, as here, the arbitration provision conditions the availability of arbitration on election by only the two parties who entered into the RISC, that limitation must be given effect. A party not expressly granted the right to elect arbitration pursuant to the contract cannot do so, and an arbitrator may not rewrite the contract to expand the right to elect arbitration.

Accordingly, despite the otherwise broad scope of coverage of the arbitration provision, arbitration cannot be compelled because the contractual precondition to arbitration – election by one of the two designated parties – has not been satisfied.

After full consideration it is my determination that the case, as presented, is not arbitrable because the arbitration provision has not been properly elected in accordance with its express terms. Claimant's Motion to Dismiss is therefore granted. Claimant may continue pursuing his claims in federal court.

**IT IS HEREBY ORDERED:**

1. The matter presented is not subject to arbitration.
2. Claimant's Motion to Dismiss is granted.
3. This Order addresses arbitrability only and does not address the merits of any claim or defense.
4. The Arbitrator reserves jurisdiction to issue further procedural or substantive orders as appropriate.

So, ordered.

January 20, 2026

/s/Steven M. Guttell
Steven M. Guttell
Arbitrator

Uploaded to AAA WebFile portal
this 20th day of January 2026.