Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, NJ 07712
(732) 695-3282
yzelman@marcuszelman.com
*Attorney for Plaintiff*

Patrick D. Newman, Esq.
Admitted Pro Hac Vice
BASSFORD REMELE PA
100 S 5th Street, Suite 1500
Minneapolis, MN 55402
(612) 333-3000
pnewman@bassford.com
*Attorney for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**
**PHOENIX DIVISION**

| | |
|---|---|
| **Lance Sedbrook,**<br><br>Plaintiff<br><br>-against-<br><br>**United Nationwide Recovery, LLC, and Select Asset Recovery Group, LLC,**<br><br>Defendants | **Civil Case No.: 2:24-cv-01894-DGC**<br><br>**JOINT RULE 26(f) CASE MANAGEMENT REPORT**<br><br>**Hon. David G. Campbell** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's January 28, 2026 Order, the parties submit the following Joint Case Management Report:

1. <u>The Rule 26(f) meeting was attended by the following counsel for the parties:</u>

| | |
|---|---|
| Yitzchak Zelman, Esq.<br>MARCUS & ZELMAN, LLC<br>701 Cookman Avenue, Suite 300<br>Asbury Park, NJ 07712<br>(732) 695-3282 | Patrick D. Newman, Esq.<br>Admitted Pro Hac Vice<br>BASSFORD REMELE PA<br>100 S 5th Street, Suite 1500<br>Minneapolis, MN 55402 |

yzelman@marcuszelman.com
Attorney for Plaintiff

(612) 333-3000
pnewman@bassford.com
Attorney for Defendants

2. The parties to this matter are as follows (including any parent corporations or entities as applicable):

| | |
|---|---|
| Lance Sedbrook, *Plaintiff* | United Nationwide Recovery, LLC, *Defendant*<br>Select Asset Recovery Group, LLC, *Defendant* |

3. A Brief Statement of the Nature of the Case:

**Plaintiff**: Plaintiff maintains that Defendants illegally repossessed his vehicle in breach of the peace, thereby violating Ariz. Rev. Stat. Ann. § 47-9609. Plaintiff also brings a claim against Defendants for illegally repossessing his vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692.

**Defendants**: Defendants deny any breach of the peace or any failure to comply with Arizona's formulation of the Uniform Commercial Code Article 9 or the FDCPA.

4. Basis for Jurisdiction:

This Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.*, and 28 U.S.C. § 2201. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

5. Service Issues: All parties have been served and have appeared.

6. Anticipated Joinder of Parties or Amendment of Pleadings: The parties do not currently anticipate the addition of parties or the amendment of pleadings.

7. Contemplated Motions (and statement of issues to be decided by such motions, including motions under Federal Rules of Evidence 702, 703, 704, and 705):

   **Plaintiff**: None at this time, but Plaintiff reserves the right to do so by the deadline set by the Court.

   **Defendants**: Defendants may bring a motion for summary judgment after sufficient discovery has been obtained.

8. This case ___ is X is not suitable for reference to a United States Magistrate Judge for settlement conference or trial.

9. Related Cases: The parties are not aware of any related cases pending before other courts or other judges of this Court.

10. Issues Regarding Electronically Stored Information (including the parties' preservation of ESI and the form or forms in which it will be produced – *see* Rules 16(b)(3), 26(f)(3)): Discovery may encompass electronically stored information and, unless it would be disproportionate to the needs of the case or unduly burdensome, the parties intend on producing that information in OCR/Text Readable formats (TIF or PDF) except when specifically requested in native format and also excepting excel spreadsheets, which are to be produced in native format. Where issues arise concerning ESI in the possession or control of a party or the format of production, the Parties shall confer regarding manner and form of production.

11. Issues Regarding Privilege or Work Product: CAC's policies and procedures regarding repossessions and its internal polices concerning its operations may be

subject to confidentiality and/or privilege, depending on the scope of Plaintiffs' discovery.

12. Discussion of whether an Order under Federal Rule of Evidence 502(d) is warranted in this case: The parties do not currently believe that an Order pursuant to Rule 502(d), Federal Rules of Civil Procedure is warranted.

13. Discussion of Necessary Discovery (this discussion should take into account the December 1, 2015 amendments to Rule 26(b)(1), and should include:

a. The extent, nature and location of discovery anticipated by the parties and why it is proportional to the needs of the case;

**Plaintiff**: Plaintiff will serve Interrogatories, Requests for Admission and Requests for Production on the Defendants, seeking to determine why they repossessed his vehicle; and the Defendants' policies and procedures regarding repossessions. Plaintiff will further take a deposition of each party, along with a deposition of the Defendants' agent who carried out the actual repossession.

**Defendants**: Defendants intend to serve Interrogatories and Requests for Production, and possibly Requests for Admission, with respect to Plaintiff's liability theories under the UCC and the FDCPA, as well as Plaintiff's claimed damages. Defendants will depose Plaintiff as well.

b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure;

None.

c. The number of hours permitted for each deposition. The parties should consider whether a total number of deposition hours should be set in the case, such as 30 total hours for Plaintiffs and 30 total hours for Defendants. The parties do not anticipate needing limitations on top of what is provided for under the FRCP.

14. Date the Parties exchanged or will exchange Federal Rule of Civil Procedure 26(a) initial disclosures: The parties will exchange initial disclosures by March 10, 2026.

15. Proposed Dates for Each of the Following (deadlines should fall on a Friday unless impracticable):

a. Completion of Fact Discovery: September 4, 2026

b. Expert Disclosures:

Plaintiff by September 4, 2026

Defendants by October 5, 2026

c. Expert Depositions: November 5, 2026

d. Settlement Discussions: December 7, 2026

e. Dispositive Motions: January 7, 2027

16. Jury Trial: (State whether the request for a jury trial is contested): A jury trial was demanded in the Plaintiff's Amended Complaint filed in this action.

17. Prospects for Settlement (including any request of the Court for assistance in settlement efforts): The parties may be able to better assess the prospects of settlement after the exchange of initial written discovery but are open to discussing early resolution options.

18. Other Matters that will aid the Court and parties in resolving this case in a just,

speedy, and inexpensive manner as required by the FRCP: None at this time.

Dated: February 25, 2026

/s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
Attorney for Plaintiff

Dated: February 25, 2026

/s/ Patrick D. Newman
Patrick Newman, Esq.
Attorney for Defendants